IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ISAAC KANAMWANGI                                                                   PLAINTIFF

v.                                              4:15CV00483-JJV

PULASKI COUNTY DETENTION
FACILITY; *et al.*                                                                 DEFENDANTS

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Isaac Kanamwangi ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  He alleges his constitutional rights were violated when excessive force was used against him by Defendant Scot Thomisee.  (Doc. No. 1 at 2-3)  Defendant has now moved for summary judgment and Plaintiff has not responded.  (Doc. No. 27)  After careful review of the Motion, for the following reasons, I find it should be GRANTED.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and he moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or

1

fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.   ANALYSIS**

Defendant Thomisee argues that Plaintiff's Complaint sues him only in his official capacity. He correctly argues that, where a complaint is silent as to capacity, I must interpret it to state only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Here, such claims proceed only against Pulaski County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). In order to hold the county liable for any violation of his rights, Plaintiff must assert that some policy or custom of the county "played a part in the violation of federal law." *Id*. He has wholly failed to do so.

Mr. Kanamwangi says on July 18, 2015, Defendant Thomisee appeared at his locked cell after Plaintiff poured water on Thomisee's face. (Doc. No. 1 at 1) Thomisee ordered him to submit to restraints but Mr. Kanamwangi refused, saying he suspected Defendant Thomisee was going to retaliate for the water incident. (Id.) Plaintiff says Thomisee then, in violation of procedure and protocol, entered his cell with another jailer. (Id.) An altercation ensued, with Mr. Kanamwangi being sprayed with pepper spray. (Id.) He says jailers then proceeded to beat him and use excessive force despite the fact he had surrendered. (Id.) He was finally subdued and medical personnel responded to evaluate Mr. Kanamwangi. (Id. at 2) Mr. Kanamwangi says he suffered injuries from the events. (Id.)

I note that Mr. Kanamwangi states in his Complaint the specific rules and policies he says Defendant Thomisee violated. (Id. at 4-6) The facts alleged in the Complaint, if true, establish that

2

Defendant Thomisee violated the written policies regarding the use of force at the Pulaski County Regional Detention Facility. And given Mr. Kanamwangi's recitation of those policies, appropriate policies have obviously been enacted by the Pulaski County Regional Detention Facility. So, based on these facts, as alleged in the Complaint, no official capacity liability exists. Therefore, this cause of action should be dismissed.

**IV.   CONCLUSION**

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion for Summary Judgment (Doc. No. 27) is GRANTED.

2. Plaintiff's claims against Defendant Thomisee are DISMISSED with prejudice.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

Dated this 23rd day of May, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE